## No. 3.

**CLEVELAND** *against* **CLARK AND FOSTER.** *Addison,* 1820.

A mortgagee cannot purchase in a mortgage, on a different piece of land, and tack the same to his own mortgage, after both are forfeited at law, so as to compel the mortgagor to redeem both mortgaged premises or neither.

THIS was an action of ejectment. The declaration contained two counts, describing separate and distinct pieces of land.

Verdict for plaintiff, that defendants are guilty on the first count ; and, on the second count, that David Clark is guilty, and Foster not guilty.

The title of the plaintiff was that of a mortgagee, by mortgage from David Clark, of the lands described in the second count, and that of assignee of a mortgage from said David Clark, of the lands described in the first count.

The defendant, Foster, held the lands, described in the first count, by deed from Clark.

At July term, 1819, after judgment, on motion of the defendant, Foster, it was *ordered*, that the writ of possession be stayed till the first Monday of July, 1820, and that defendant, Foster, pay, by that time, the sum now due on the mortgage of said lands described in the first count *only*, with interest, and costs, or &c.

Exceptions were filed, by the plaintiff, to this decree, on the ground that evidence was offered to shew that the deed from Clark to Foster, was fraudulent, which was rejected.

*Phelps* and *Seymour*, for plaintiff, contended :

1. That, upon proof that the conveyance from Clark to Foster, was fraudulent, Foster could redeem upon such terms only, as Clark might.

2. That, as between plaintiff and Clark, after the forfeiture, plaintiff cannot be compelled to accept a redemption of one piece of land without the other ; if either piece be an insufficient security, for the sum charged upon it ; that, although in this case, the plaintiff is assignee of one of the mortgages, his rights are the same as if he was the direct mortgagee in both

cases; that the mortgagor's right is gone, at law, and a court of equity will not grant relief, except upon equitable terms; that where both pieces of land are a sufficient security for the whole debt, the court will see that the security is not impaired by a partial redemption.

*Contra. D. Chipman:* That distinct mortgages, upon different pieces of land, and for distinct debts, cannot be tacked together; that a mortgagee cannot purchase in a mortgage given by the mortgagor, to a third person, and thereby compel the mortgagor to redeem both or neither. Powell on Mort. 392.

That a person who possesses the land, by voluntary conveyance, from mortgagor, may redeem. Powell on Mort. 343.

By the Court. A mortgagee cannot purchase in a mortgage and compel the mortgagor to redeem both or neither, if one piece of land be of more value than the debt charged upon it, the interest of the mortgagor can be taken by his creditors by process of law only; it is not to be subjected to forfeiture for non-payment of other debts, charged upon other lands, and to other creditors.

Decree affirmed.

The defendant then moved, that the time of redemption be extended to one year from this term of the Court.

But, by the Court. The Statute limits the time to one year from rendition of judgment; as judgment was rendered at the fact term, this Court cannot, as a Court of law, extend the time of redemption. See Judiciary Act, Sec. 76, 1 Stat. 84.